# Court of Appeals
# of the State of Georgia

ATLANTA,  July 07, 2026

*The Court of Appeals hereby passes the following order:*

**A26A2204. JIMMY DUNCAN v. THE STATE.**

A jury found Jerry Duncan guilty of aggravated sodomy, child molestation, aggravated sexual battery, and aggravated child molestation, and his conviction was affirmed on appeal in an unpublished opinion. See Case No. A20A0381.[1] Thereafter, Duncan filed a motion for an out-of-time appeal, which was originally denied based on *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022). The trial court amended its order and denied Duncan's motion for an out-of-time appeal because he had already appealed his conviction. In April 2026, Duncan filed another motion for leave to file an out-of-time appeal, relying on OCGA § 5-6-39.1. The trial court again denied Duncan's motion because (1) he was out of time pursuant to OCGA § 5-6-39.1(a), and (2) he had already pursued a direct appeal in this case. Duncan filed a notice of appeal from the trial court's order. We lack jurisdiction.

First, in *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. There, the Supreme Court vacated the trial court's order denying the defendant's motion for an out-of-time appeal and remanded with instructions to dismiss the motion. Id. In response, the legislature enacted OCGA § 5-6-39.1, which

---

[1] Duncan also appealed the denial of his motion to modify sentence, but that appeal was dismissed for failing to file a brief or enumeration of errors. Case No. A25A0694

became effective on May 14, 2025. This statute allows for defendants to seek out-of-time relief if (a) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (b) the defendant had an out-of-time motion for new trial or appeal dismissed under *Cook* and the renewed motion for out-of-time motion for new trial or notice of appeal is filed by June 30, 2026. OCGA § 5-6-39.1.

The extended deadline in OCGA § 5-6-39.1(b) does not apply to Duncan as the amended order did not dismiss his prior motion for an out-of-time appeal under *Cook*. Further, he did not file his second motion for an out-of-time appeal within 100 days from the expiration of the time period for the filing. Therefore, the motion for an out-of-time appeal was untimely under OCGA § 5-6-39.1. Moreover, Duncan has already had a direct appeal of his criminal conviction, and therefore he is not entitled to a second such appeal. See *Jackson v. State*, 273 Ga. 320, 320 (540 SE2d 612) (2001).

Accordingly, this appeal is hereby DISMISSED.



Court of Appeals of the State of Georgia
  Clerk's Office, Atlanta,__07/07/2026_____

  I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

  Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.